PER CURIAM.
On August 26, 1996, appellant was involved in an automobile accident with an employee of North County Towing, Inc. This case concerns appellant’s ability to bring suit against Gelco Corporation (“Gel-co”) which had leased the tow truck involved in the accident to North County Towing.
We affirm the trial court’s well reasoned order granting summary final judgment on the ground that Gelco was not liable under the dangerous instrumentality doctrine because its lessee, North County Towing, maintained the requisite minimum insurance coverage required by section 324.021(9)(b), Florida Statutes (1997). Although the boilerplate language in the lease stated that the lessee must maintain $1,000,000 in combined insurance coverage, the record supports the trial court’s conclusion that Gelco “routinely negotiated for and accepted combined coverage of $500,-000 in order to be competitive in the tow leasing industry and to accommodate smaller operations who could not afford the higher premiums.” As the trial court wrote in its order:
4. Prior to entering into the lease transaction, GELCO required a Certificate of Insurance verifying the agreed upon coverage. If the amount of coverage indicated in the Certificate of Insurance was less than $1,000,000.00, GEL-CO required that its Director of Sales approve the lesser coverage. The approval of the lesser limits by GELCO was established with a red stamp stating “Limits Approved.” This stamp advised the funder, or person authorized by GELCO to enter into the lease transaction, that GELCO had approved and accepted the insurance limits offered by the Lessee. If the “Limits Approved” stamp was not present, the funder would not fund (or purchase) the vehicle and the transaction would not take place.
5. On April 16, 1992, GELCO approved the coverage obtained by NORTH COUNTY of $500,000.00 in combined limits by stamping “Limits Approved” on the Certificate of Insurance. Thereafter, on April 16, 1992, GELCO funded and purchased the 1992 Chevrolet truck from a vendor and “final booked” the transaction. “Final booking” was accomplished when the funder possessed all necessary documents, including the Lease document and the Certificate of Insurance and meant that the transaction was complete. The master lease file was then set up, and sent to filming, and then to business, in order to monitor payments by the Lessee and annual insurance verification. GELCO was bound by the Lease transaction when the matter was “finally booked.” (Footnote omitted).
6. Thereafter, NORTH COUNTY took possession of the subject 1992 Chevrolet tow truck, and made monthly lease payments to GELCO.
7. Throughout the five year term of the lease, NORTH COUNTY maintained $500,000.00 in combined property damage liability and bodily injury liability insurance coverage on the 1992 Chevrolet truck and provided verification to *1157 GELCO with annual Certificates of Insurance. (Footnote omitted).
Under these facts, Gelco avoids liability under the dangerous instrumentality doctrine pursuant to section 324.021(9)(b). In pertinent part, that statute provides:
Ovmer/lessor. — N otwithstanding any other provision of the Florida Statutes or existing case law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability or not less than $500,000 combined property damage liability and bodily injury liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this paragraph shall be applicable so long as the insurance meeting these requirements is in effect. The insurance meeting such requirements may be obtained by the lessor or lessee, provided, if such insurance is obtained by the lessor, the combined coverage for bodily injury liability and property damage liability shall contain limits of not less than $1 million and may be provided by a lessor’s blanket policy.
(Emphasis supplied).
Here, in compliance with the statute, there was an agreement to lease a motor vehicle for one year or longer. The lease required the lessee to obtain insurance coverage. In compliance with the statute, North County Towing had $500,000 combined property damage, liability, and bodily injury insurance coverage in force at the time of the accident. Gelco approved or “accepted” the limits of insurance coverage, by its initial funding and leasing of the truck after North County’s initial submission of $500,000 in coverage in 1992 and by the subsequent “limits approved” stamps on the certificates of insurance submitted annually by North County Towing.
AFFIRMED.
STONE, C.J., WARNER and GROSS, JJ., concur.